```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

EPAC TECHNOLOGIES, INC.,       )
                               )
        Plaintiff              )
                               )     No. 3:12-0463
v.                             )     Judge Nixon/Bryant
                               )     **Jury Demand**
THOMAS NELSON, INC.,            )
                               )
        Defendant              )

### MEMORANDUM AND ORDER

Plaintiff EPAC Technologies, Inc. ("EPAC") has filed its motion to compel (Docket Entry No. 16) seeking an order requiring Defendant Thomas Nelson, Inc. ("Nelson") to serve supplemental responses to three interrogatories and 31 requests for production of documents. Nelson has filed a response in opposition (Docket Entry No. 19) and EPAC has filed a reply (Docket Entry No. 20).

For the reasons stated below in this memorandum the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part EPAC's motion to compel.

### STATEMENT OF THE CASE

EPAC, a high-technology printer of books, has brought this diversity action alleging that Nelson breached the Master Services Agreement ("the Agreement") between the parties effective August 1, 2010. In general, the Agreement provided that EPAC would provide certain "print-on-demand" services for Nelson for a period of five years. Nelson has filed an answer denying liability and a counterclaim alleging that EPAC breached the Agreement.

### EPAC'S MOTION TO COMPEL

EPAC served interrogatories and request for production of documents upon Nelson and Nelson served responses and objections to

this written discovery. EPAC has now filed its motion to compel seeking an order compelling Nelson to serve supplemental responses to Interrogatories No. 13, 14 and 15 as well as documents responsive to 31 requests for production. The undersigned Magistrate Judge will address these interrogatories and requests for production in the order presented in EPAC's memorandum in support of its motion (Docket Entry No. 17).

<u>Interrogatories No. 13, 14 and 15</u>. EPAC argues first that the Court should overrule all of Nelson's objections to these three interrogatories because the responses were not timely served.

Similarly, Nelson argues that EPAC's motion to compel is untimely and premature because counsel had not exhausted their informal discussion seeking reasonable compromises to resolve the discovery disputes raised in EPAC's motion. In the exercise of the Court's discretion in managing discovery, the undersigned Magistrate Judge rejects both of these arguments and will consider EPAC's discovery requests and Nelson's objections on their respective merits.

Interrogatories No. 13, 14 and 15 seek certain information concerning Nelson's "print-on-demand" needs and requirements from 2005 until the present, including the identity of printers, terms of agreements with such printers, volumes of purchases, communications with other printing businesses regarding Nelson's printing needs or requirements, the annual total volume of "print-on-demand" books, expenses incurred for such printing, and the identity of all documents and things evidencing such volumes and expenses.

Nelson has objected generally to these interrogatories on grounds that they are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nelson objects specifically to the time period and scope as being overly broad and further objects that much of the information sought by these interrogatories was provided by Nelson to EPAC with documents and information tendered during the due diligence period prior to the Agreement.

EPAC in its motion papers states that it has agreed to limit these interrogatories to include only information regarding other printers used for print runs of 1,500 or fewer units per title (Docket Entry No. 17 at 4).

After considering the arguments of the parties, the undersigned Magistrate Judge finds that these interrogatories as written are unnecessarily broad in scope and are reasonably calculated to elicit a great deal of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. However, the undersigned finds that in response to these interrogatories Nelson should identify any other printer, limited to EPAC's definition stated above, who has performed printing for Nelson from January 1, 2010, to the present, state the terms and conditions of any agreement between Nelson and such other printer, and state the volume of purchases from such other printers by a total number of books and by dollars. EPAC's motion to compel further responses to these interrogatories is **DENIED** without prejudice to EPAC's right to serve additional more

3

tailored and targeted discovery after receiving the responses ordered herein.

Document Requests No. 8, 14, 15, 18 and 19. In general, these five requests for production seek documents and things relating to communications about this lawsuit and the Agreement.

Nelson has apparently agreed to produce much of the information sought by Request No. 8 (Docket Entry No. 17 at 6). However, EPAC seeks an order requiring further responses to subsections 8(c) and (l). With respect to these two subsections, the undersigned Magistrate Judge finds that Nelson should provide supplemental responses to include proposals to or from, and contracts or orders with, other printers for the period between January 1, 2010, and the present.[1] With respect to the additional information sought in request 8(c) and (l), EPAC's motion to compel is **DENIED**.

Document Request No. 14 seeks "all documents and things concerning, referencing or relating to this lawsuit." Nelson has objected on the grounds that this request is overly broad, unduly burdensome and seeks documents not relevant and unlikely to lead to the discovery of admissible evidence. Nelson further objects that the request seeks documents protected by the attorney-client privilege or other similar doctrines or privileges.

---

[1]Whenever this memorandum and order requires Nelson to produce documents or information relating to "other printers," that term shall be understood to be limited to printers used for print runs of 1,500 or fewer units per title.

4

The undersigned finds that this request should be **GRANTED** and that Nelson shall produce nonprivileged documents responsive to Request No. 14.

Requests Nos. 15, 18, and 19 seek documents and things relating to negotiations between EPAC and Nelson prior to execution of the Agreement, all files created or maintained by Nelson concerning or relating to EPAC, and the contents of all files created or maintained by Nelson concerning the Agreement. Nelson apparently has agreed to produce and has produced certain nonprivileged communications and documents relating to EPAC and the Agreement (Docket Entry No. 19 at 8). In addition, Nelson has agreed to produce communications between Nelson and EPAC as well as documents exchanged between the parties while negotiating the terms of the Agreement (*Id.*).

To the extent that such documents and information has not already been produced, the undersigned finds that Nelson also should produce all documents, records or other information relating to communications about EPAC's performance under the agreement, including but not limited to complaints about or deficiencies in EPAC's performance and any other information supporting or relating to Nelson's decision to terminate the Agreement. To the extent that EPAC's motion seeks additional production pursuant to Requests No. 15, 18 and 19, the motion is **DENIED**.

Document Request No. 16. Request No. 16 seeks "all internal communications between Thomas Nelson personnel discussing or in any way relating to EPAC." The undersigned Magistrate Judge finds that this request is extremely broad and unlimited and, to

5

the extent that it seeks additional documents or information beyond that otherwise ordered to be produced herein, the motion to compel with respect to Request No. 16 is **DENIED**.

Document Request No. 17. Request No. 17 seeks documents and information relating to communications between Nelson and HarperCollins Publishers or its affiliates concerning or relating to this lawsuit or EPAC's claims against Nelson. Nelson has objected on grounds of lack of relevance and privilege. Considering the arguments of the parties, the undersigned Magistrate Judge finds that Nelson should produce any nonprivileged documents or records responsive to Request No. 17.

Document Requests No. 20, 21, 22, 23, 24, 25, 26, 27, 28, and 30. These 10 requests for production seek documents and information evidencing communications, orders, commitments or agreements between Nelson and other printers (defined as printers used for print runs of 1,500 or fewer units per title) from 2005 to the present, as well as documents or information evidencing Nelson's "print-on-demand" printing needs from the present through August 1, 2015. Nelson has objected to these requests on grounds of lack of relevance, over breadth and undue burden, and the fact that Nelson previously had provided much of this information to EPAC before execution of the Agreement. In addition, Nelson has agreed to produce voluntarily some of the documents and information requested.

The undersigned Magistrate Judge finds that the temporal scope of these requests is excessive and orders that Nelson serve responses to these requests, but for the period beginning January

1, 2010, to the present. Nelson shall serve a response to Request No. 28, which seeks documents and information evidencing Nelson's anticipated "print-on-demand" needs from the present through August 1, 2015. EPAC's motion to compel additional responses to these ten requests is otherwise **DENIED**.

Document Request No. 31. This request seeks all documents and information sufficient to identify the customers, distributors and retailers to whom Nelson sold books printed by EPAC. As grounds for this request, EPAC argues that it needs this information in order to determine whether Nelson's customers complained about the quality of books printed by EPAC. EPAC also argues that such information from Nelson's customers may reveal the volume and nature of Nelson's business with other printers during the relevant time period. In response, Nelson states that it has agreed to produce to EPAC any complaints that it received from its customers concerning books printed by EPAC. Beyond that, Nelson states that its customers are not likely to know which printer printed the books they purchased from Nelson.

The undersigned Magistrate Judge finds that in response to Request No. 31 Nelson shall produce to EPAC any complaints that Nelson received from a customer regarding books printed by EPAC. To the extent that Request No. 31 seeks additional documents or information, EPAC's motion to compel is **DENIED**.

Document Request Nos. 32, 33, 34, 35, 36, and 38. These six requests for production generally seek documents and information regarding the specifications for books printed for Nelson, the quality control or other standards applied to books

7

printed for Nelson, any testing, methodology or criteria used by Nelson for accepting books printed by others including EPAC, and all documents and information evidencing test results, or other quality control or quality assurance data and documentation concerning books printed by all printers for Nelson from 2005 to the present. Nelson has generally objected to these requests on grounds of over breadth, undue burden and lack of relevance. Specifically, Nelson argues that these requests call for information on all books printed for Nelson and not just those of the type to be printed by EPAC under the Agreement. In addition, Nelson argues that specifications and quality control standards applied to books printed by other printers is not relevant to the question whether books printed by EPAC satisfied the specifications and quality control standards imposed by the Agreement.

The undersigned Magistrate Judge finds that these requests, as written, are excessive in scope and that any information or documents produced in response to these requests should be limited to books printed by "print-on-demand" printers (defined as printers used for print runs of 1,500 or fewer units per title) and books that are the same as or substantially similar to books to be printed by EPAC under the Agreement. With this limitation, the undersigned finds that Nelson should produce responsive documents or information evidencing specifications for books printed by EPAC or other printers from January 1, 2010, to the present, any quality control or other quality standards for books printed for Nelson during this same period, any documents or information evidencing the failure of books printed by EPAC to meet

8

specifications or satisfy quality control standards, any documents or other information evidencing testing, policies, procedures, or methods applied to books printed by EPAC or other printers from January 1, 2010, to the present, and any changes in specifications, quality control standards, or testing methods applied to "print-on-demand" books of the type to be printed by EPAC from January 1, 2010, to the present.

To the extent that EPAC's motion to compel seeks additional information pursuant to Requests No. 32, 33, 34, 35, 36 and 38, EPAC's motion is **DENIED**.

Documents Requests No. 49 and 50. These two requests seek "all documents and things" regarding Nelson's preservation and maintenance of documents and electronic files of all custodians of "information relevant to this litigation and/or responses to EPAC's discovery requests," as well as "all documents and things regarding any documents or information, destruction or disposal policy or practice of yours." Nelson has objected to these two requests as being overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The undersigned Magistrate Judge agrees that these two requests are premature in the absence of evidence suggesting that responsive information that once existed is no longer available. Accordingly, EPAC's motion to compel further responses to Requests No. 49 and 50 is **DENIED** without prejudice to EPAC's right to serve additional targeted, specific discovery based upon evidence that Nelson once possessed responsive information, but no longer does.

9

**CONCLUSION**

As stated above in this memorandum and order, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part EPAC's motion to compel production (Docket Entry No. 16). To the extent that this order requires Nelson to make supplemental productions, those productions shall be made by **October 15, 2013**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
