IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EPAC TECHNOLOGIES, INC. | ) |
| | ) |
| v. | ) NO. 3-12-0463 |
| | ) JUDGE CAMPBELL |
| THOMAS NELSON, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 171). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff, a manufacturer and printer of books, brought this action against Defendant, a publisher of religious books and other literature, for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, promissory fraud, fraud based on concealment, unfair and deceptive acts under the Tennessee Consumer Protection Act ("TCPA"), and negligence.

Plaintiff's Amended Complaint alleges that the parties negotiated and entered into a multi-year requirements contract ("the Contract") under which Defendant agreed to order and purchase from Plaintiff, among other things, all its requirements for books printed in formats supported by Plaintiff. Plaintiff asserts that, in reliance upon the Contract, it spent millions of dollars on capital improvements, new equipment and multi-year leases in order to meet its performance obligations under the Contract.

Plaintiff also alleges that, during the negotiations between the parties, Defendant and its executives entered into certain Confidentiality and Non-Disclosure Agreements (the "NDAs") with

Plaintiff which obligated Defendant to maintain confidential information of Plaintiff, including the fact that the parties were in discussions about a possible future business relationship.

Plaintiff avers that less than eight months into the Contract, Defendant unilaterally terminated the Contract, with no legitimate cause or justification. Plaintiff claims that, after Defendant's breach of the Contract, Plaintiff learned that Defendant had also unlawfully breached the NDAs by disclosing Plaintiff's confidential pricing and other contract information to LSI, a competitor of Plaintiff. Plaintiff contends that Defendant used Plaintiff's confidential information to undercut Plaintiff's prices and obtain a more favorable agreement with LSI. Thereafter, Plaintiff asserts, Defendant wrongfully terminated its Contract with Plaintiff and did its business with LSI.

Defendant has filed a Motion to Dismiss, asking the Court to dismiss several, but not all, of Plaintiff's claims.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a

motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## UNFAIR COMPETITION

Plaintiff has alleged that Defendant violated the California Business and Professions Code[1] through its unlawful, unfair and fraudulent business acts and practices, causing Plaintiff to suffer serious damage to its business and reputation. Docket No. 168, ¶¶ 97-98.

Defendant contends that damages are not recoverable under this California law, citing Section 17203, which provides, in part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Calif. Bus. & Prof. Code, § 17203.

The Supreme Court of California has stated that Section 17203 makes injunctive relief the primary form of relief available under the statute, while restitution is merely ancillary. *Clayworth v. Pfizer, Inc.*, 233 P.3d 1066 (Cal. 2010). The restitutionary relief under Section 17203 is limited to money or property lost by the plaintiff and acquired by the defendant. *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1135 (9th Cir. 2014).

An order for restitution under this statute is one compelling a defendant to return money obtained through an unfair business practice to those persons in interest from whom the money was

---

[1] The Amended Complaint alleges that Plaintiff's principal place of business is in California.

taken; that is, to persons who had an ownership interest in the money or those claiming through that person. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (Cal. 2003). In determining what fits into this narrow category of restitution, the object is to restore the status quo by returning to the actual direct victim any funds in which he or she has an ownership interest. *SkinMedica, Inc. v. Histogen Inc.*, 869 F.Supp.2d 1176, 1184 (S.D. Cal. 2012). In order to constitute restitution, the victim must have at least an identifiable vested interest in the money he seeks to recover. *Id.*

Plaintiff's Amended Complaint alleges that Defendant's violation of this statute caused serious damage to its business and reputation. This Count of Plaintiff's Amended Complaint does not mention restitution. In response to Defendant's Motion, Plaintiff argues that it is seeking restitution for the sums it spent improving its facilities in reliance on Defendant's assurances that it intended to perform under the Contract. As noted above, however, restitution is limited to money or property lost by the Plaintiff *and acquired by the Defendant. Fresno*, 771 F.3d at 1135. In other words, restitution is confined to the restoration of any money or property which may have been *acquired* by unfair competition. *Id.* Defendant did not acquire the monies Plaintiff spent improving its facilities.

Plaintiff also contends that it is entitled to restitution in the form of any profits Defendant recognized as a result of its wrongful breach of the Contract. Plaintiff cites *Korea Supply* for the proposition that an individual may recover profits unfairly obtained to the extent those profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest. As in *Korea Supply*, however, Plaintiff here does not have an ownership interest in the profits it

4

seeks to recover from Defendant. *Korea Supply*, 29 Cal.4th at 1149. As in *Korea Supply*, Plaintiff is not seeking the return of money that was once in its possession.

Moreover, Plaintiff had no vested interest in the profits it now seeks. At best, it had an "expectancy" of monies from Defendant under the Contract. In order to constitute restitution, the victim must have at least an identifiable vested interest in the money he seeks to recover. *SkinMedica*, 869 F.Supp.2d at 1184. "The interest may not be contingent upon an uncertain future event." *Id*. As the court in *Korea Supply* noted, compensation for a lost business opportunity is not restitution. *Korea Supply,* 29 Cal.4th at 1151.

Plaintiff has not identified any profits which Defendant received as a result of its alleged violation of the California statute. To the extent that Defendant took its business elsewhere, the money was *paid* by Defendant to the competitor, not received by Defendant.

For all these reasons, Plaintiff has not stated a claim for recovery of restitution under the California statute, and Defendant's Motion on this issue is granted.

## TENNESSEE CONSUMER PROTECTION ACT

Plaintiff's Amended Complaint alleges that Defendant engaged in unfair and deceptive acts in violation of the TCPA by misrepresenting and disclosing Plaintiff's pricing and other confidential information in order to obtain better pricing from LSI and by disparaging the goods, services or business of Plaintiff by false or misleading representations of fact. Docket No. 168, ¶¶ 119 and 121. Defendant argues that this claim fails because Plaintiff was a seller of goods or services and not a "consumer" with regard to the alleged conduct of which it complains.

The TCPA is designed to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn.

5

Code Ann. § 47-18-102(2). "Trade or commerce" means the advertising, offering for sale, lease or rental, or distribution of goods, services or property. Tenn. Code Ann. § 47-18-103(19). A "consumer" is defined to include any natural person[2] who seeks or acquires goods or services. Tenn. Code Ann. § 47-18-103(2).

At the time Defendant engaged in the alleged misconduct, Plaintiff was not seeking to acquire or acquiring goods or services from Defendant. Plaintiff was acting as a seller with regard to Defendant, offering goods and services to Defendant per their Contract. *See Wagner v. Fleming*, 139 S.W.3d 295, 301 (Tenn. Ct. App. 2004). As this Court held in *Southern Pharmacy Consultants, LLC v. Smart Fill Mgmt. Group, Inc.*, 2015 WL 1428477 at * 4: "The language of the statute and the cited legal authority are clear that although a defendant may have engaged in a business activity that involved some underlying unfair or deceptive act or practice that harmed an individual or entity, the TCPA nonetheless only applies if the plaintiff is a 'consumer' as defined by the Act." *See also Hood Land Trust v. Hastings*, 2010 WL 3928647 (Tenn. Ct. App. Oct. 5, 2010) (*cited in Southern Pharmacy*).

For these reasons, Plaintiff may not bring its claim under the TCPA, and Defendant's Motion on this issue is granted.

NEGLIGENCE *PER SE*

Although the parties talk in terms of a claim for negligence *per se*, there is no separate cause of action for negligence *per se.* To the extent Plaintiff's Amended Complaint asserts a claim for

---

[2] As used in the Act, "person" includes corporations such as Plaintiff. Tenn. Code Ann. § 47-18-103(9). Although Plaintiff has standing to sue as a corporation, as a *seller*, it does not have a cause of action under the TCPA based upon Defendant's alleged conduct as potential buyers. *Hood Land Trust v. Hastings,* 2010 WL 3928647 at * 10 (Tenn. Ct. App. Oct. 5, 2010).

negligence, the doctrine of negligence *per se* permits Plaintiff to satisfy the breach element of that negligence action by substituting the violation of a statutorily-imposed duty for the reasonable person standard. *Askew v. Elite Nails*, 2014 WL 4080165 at * 3 (M.D. Tenn. Aug. 18, 2014) (citing *Brown v. City of Memphis*, 440 F.Supp.2d 868, 875 (W.D. Tenn. 2006)). Because there is no statutory violation, Plaintiff may not use the doctrine of negligence *per se* to establish a breach of the standard of care for negligence.

IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

Tennessee law does not recognize a claim for breach of the duty of good faith and fair dealing as a cause of action in and of itself. *First Tenn. Bank Nat. Ass'n v. Republic Mortgage Ins. Co.*, 276 F.R.D. 215, 220 (W.D. Tenn. 2011). Every contract imposes upon the parties a duty of good faith and fair dealing in the performance and interpretation of the contract. However, a claim based on the implied covenant of good faith and fair dealing is not an independent cause of action in Tennessee; it is part of an overall breach of contract claim. *Emergency Medical Care Facilities, P.C. v. BlueCross BlueShield of Tenn., Inc.*, 2015 WL 3581305 at * 6 (W.D. Tenn. June 5, 2015) (citing *Jones v. LeMoyne-Owen College*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009)).

Plaintiff argues that it may plead this claim as an alternative to its breach of contract claim under California law. Under California law, as with Tennessee, all contracts contain an implied covenant of good faith and fair dealing. *San Jose Production Credit Ass'n v. Old Republic Life Ins. Co.*, 723 F.2d 700, 703 (9th Cir. 1984). California courts are divided on whether to recognize a tort action for breach of the implied covenant of good faith and fair dealing outside the insurance context. *See, e.g., Guz v. Bechtel Nat., Inc.*, 8 P.3d 1089, 1110 (Cal. 2000).

In any event, the California Supreme Court has held that the covenant of good faith and fair dealing, implied by law in every contract, cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. *Candee v. AT & T Wireless Mobility LLC*, 2010 WL 4977666 at * 11 (N.D. Cal. Dec. 2, 2010) (citing *Guz*).

The Court finds that, under either Tennessee or California law, the implied covenants of good faith and fair dealing in the relevant agreements in this case create duties only under the contracts themselves, not as separate causes of action. Therefore, Plaintiff's separate claim for breach of the implied duty of good faith and fair dealing is dismissed, and those arguments shall be considered as part of the breach of contract claim.

CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENTS

Defendant argues that Plaintiff's claims related to the Confidentiality and Non-Disclosure Agreements are barred because of the later Master Services Agreement. The Master Services Agreement ("MSA") includes a provision of integration that states:

> This Agreement and any exhibits, addenda and amendments hereto, constitute the entire understanding between the parties with respect to the subject matter hereof and supersede all prior and contemporaneous agreements and understandings, whether oral or written, regarding such subject matter. There are no other understandings, agreements, representations or warranties relied upon by either party with respect to the subject matter herein, which are not included herein.

Docket No. 173-3, § 11(l).

Defendant maintains that this MSA constitutes a "novation" and extinguishes the earlier NDAs. The MSA provides that it will be governed by and construed in accordance with New York

law. Docket No. 173-3, ¶ 11(b). In interpreting the integration provision, the Court will apply New York law.[3]

Under New York law, parties to an agreement can mutually agree to terminate it by expressly assenting to its rescission while simultaneously entering into a new agreement dealing with the same subject matter. *Penguin Group (USA) Inc. v. Steinbeck*, 537 F.3d 193, 200 (2d Cir. 2008). Once the earlier agreements are terminated and superceded, the new contract provides all the parties' obligations and remedies for breach. *Id*. A new agreement will not supercede an existent contract, however, unless the parties have clearly expressed or manifested that intention. *Virk v. Maple-Gate Anesthesiologists, P.C.*, 80 F.Supp.3d 469, 476 (W.D. N.Y. 2015).

Because a novation has the effect of extinguishing the prior contract between the parties, the existence of a novation must never be presumed. *Cohen v. Treuhold Capital Group, LLC*, 422 B.R. 350, 373 (E.D. N.Y. 2010). The party asserting the novation's existence has the burden of proving that the subsequent agreement was intended as a complete substitute for the parties' prior agreements. *Id*. Under New York law, a novation requires (1) a previously valid obligation, (2) agreement of all parties to a new contract, (3) extinguishment of the old contract, and (4) a legally valid new contract. *Schuster v. Dragone Classic Motor Cars, Inc.*, 98 F.Supp.2d 441, 446 (S.D. N.Y. 2000).

The Court notes that the Confidentiality and Non-Disclosure Agreement provides that the obligations of confidentiality and non-disclosure thereunder shall remain in effect for a period of five years from the date upon which the parties cease conducting business, without regard to the

---

[3] Contrary to Plaintiff's arguments, the choice of law provisions in the NDAs do not affect the expressed choice of law provision in the MSA.

extent or duration of a business relationship between the parties. Docket No. 173, ¶¶ 3 and 9. Similarly, the Nondisclosure Agreement provides that the termination of that Agreement will not relieve Thomas Nelson of its nondisclosure obligations and restrictions contained therein, which will continue for a period of either five or two years[4] after that Agreement terminates. Docket No. 173-1, ¶ 9. The Court also notes that Plaintiff's claims include breaches of the NDAs which occurred prior to the Master Services Agreement.

As stated above, a novation may not be presumed. Although the Master Services Agreement does include an integration provision, the non-disclosure provision does not specifically state that it supercedes the earlier NDAs. The Court cannot find, on this Motion, that the Master Services Agreement expressed the clear intent of the parties to supercede the NDAs.

Moreover, the purpose of the earlier NDAs was to allow the parties to negotiate freely the Master Services Agreement without fear of disclosure of Plaintiff's confidential and proprietary information. The purpose of the Master Services Agreement is entirely different. As implied by the name, the Master Services Agreement was a contract for services, the culmination of the parties' negotiations, the agreement by which Plaintiff would perform services for Defendant and Defendant would pay for those services.

The Court finds that, for purposes of a Motion to Dismiss, the Plaintiff has sufficiently pled breaches of the NDAs which were not superceded by the Master Services Agreement, so Defendant's Motion as to this issue is denied.

---

[4] The printed document says five years, but the copy filed with this Court has the word "five" marked out and "two" written in.

CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 171) is GRANTED in part and DENIED in part. Plaintiff's claims for unfair competition under California law, violation of the TCPA, and breach of the implied covenant of good faith and fair dealing are DISMISSED. In addition, Plaintiff may not use the doctrine of negligence *per se* to prove the breach element of its negligence claim.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE