UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EPAC TECHNOLOGIES, INC.,

    Plaintiff/Counter-Defendant,

v.

HARPERCOLLINS CHRISTIAN
PUBLISHING, INC., f/k/a THOMAS
NELSON, INC.,

    Defendant/Counter-Plaintiff.

Case No. 3:12-cv-00463

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

Plaintiff EPAC Technologies, Inc., filed a motion seeking prejudgment and post-judgment interest on the jury's compensatory damages award of $3,000,000 and reasonable attorney's fees and costs.[1] (Doc. No. 1142.) Defendant Thomas Nelson, Inc., opposed EPAC's motion for prejudgment interest as untimely and not warranted under the relevant legal standards, but did not oppose the award of post-judgment interest under 28 U.S.C. § 1961(a). (Doc. No. 1145.) EPAC has since filed a receipt of payment documenting that Thomas Nelson has paid it $3,130,067.71 in satisfaction of the compensatory damages judgment and post-judgment interest. (Doc. No. 1157.) Accordingly, all that remains for the Court's decision is EPAC's motion for an award of discretionary prejudgment interest available under Tenn. Code. Ann. § 47-14-123. For the reasons that follow, EPAC's motion for prejudgment interest will be denied.

---

[1]     A determination of EPAC's reasonable attorney's fees and costs remains pending and will be determined by separate order.

1

## I. EPAC's Motion is Untimely Under Rule 59(e)

In the federal courts, "a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). Any motion under Rule 59(e) must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). That period may not be enlarged by a court. *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).

In finding consideration of motions for prejudgment interest under Rule 59(e) appropriate, the Supreme Court noted, first, that the issues raised by these motions are not wholly collateral to—and may be "intertwined in a significant way with"—a court's determination of the merits and the extent of damages. *Osterneck*, 489 U.S. at 175–76. Because the time to file a notice of appeal does not begin to run until a timely Rule 59(e) motion has been resolved, *see* Fed. R. App. P. 4(a)(4), considering prejudgment interest under that rule ensures that "an appellate court will have the benefit of the district court's plenary findings with regard to factual and legal issues subsumed in the decision to grant discretionary prejudgment interest, such as the wrongfulness of the defendant's conduct and the plaintiff's full damages, as well as other matters of equity bearing on the merits of the litigation." *Id.* at 177. This, in turn, "helps further the important goal of avoiding piecemeal appellate review of judgments." *Id.* These provisions and Rule 59(e) strict time limitation "work to implement the finality requirement of 28 U.S.C. § 1291 by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment." *Id.* at 174.

The Court must therefore first address whether EPAC's motion is timely under the strict provisions of Rule 59(e). Judgment was entered in this case on January 28, 2019 (Doc. No. 1061),

when the jury returned its verdict. Thomas Nelson then filed a renewed motion for judgment as a matter of law and for a new trial (Doc. No. 1083). The Court stayed execution of the judgment until fourteen days after entry of a final non-appealable judgment (Doc. No. 1088). On July 1, 2019, the Court granted in part and denied in part Thomas Nelson's motion, granting judgment as a matter of law on EPAC's fraudulent concealment claim and accompanying punitive damages. (Doc. No. 1126, PageID# 23790.) The Court stated that "[a] revised judgment will be entered for EPAC only on the MSA [breach of contract] claim in the amount of $3,000,000 as found by the jury." (*Id.*) In an accompanying order, the Court stated that "[a]n amended judgment will enter." (Doc. No. 1127, PageID# 23791.)

EPAC filed its motion for prejudgment interest on August 25, 2020 (Doc. No. 1142), 575 days after the Court's initial judgment and 421 days after the Court's ruling on Thomas Nelson's post-judgment motions. EPAC asserts that its motion is nonetheless timely because, it argues, no final judgment has yet been entered in this case. In support, it points to the Court's statements in its July 1, 2019 opinion and order that an amended judgment would enter.

EPAC is correct that the Court did not enter the separate judgment contemplated by Federal Rule of Civil Procedure 58 following its July 1, 2019 order. But the "sole" purpose of Rule 58's separate-document requirement is "to clarify when the time for appeal . . . begins to run," and the requirement may be waived by the parties where a separate document "has accidentally not been entered." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978); *see also Whittington v. Milby*, 928 F.3d 188, 192 (6th Cir. 1991) (allowing waiver of separate-document requirement where district court clearly evidenced its intent that the order be the final judgment, the judgment is recorded on the clerk's docket, and the appellee did not object to appeal from the order). EPAC acknowledged that the Court's July 1, 2019 order was its final judgment by filing its notice of appeal from that

3

order on July 30, 2019 (Doc. No. 1128) and raising no objection to Thomas Nelson's cross-appeal. Because EPAC filed its motion for prejudgment interest 421 days after July 1, 2019, its motion is untimely under Rule 59(e).

### II. EPAC's Motion is Not Properly Considered Under Rule 60(b)

EPAC argues in the alternative that its motion for prejudgment interest be considered under Rule 60(b) and found timely under that Rule's more forgiving provision that a motion be made "within a reasonable time." Fed. R. Civ. P. (b)–(c). EPAC does not specify under which of the three subsections of Rule 60(b) applying the "reasonable time" provision it brings its motion.[2] *See* Fed. R. Civ. P. 60(b)(4)–(6). But, as Thomas Nelson points out, because EPAC does not argue that the judgment is void or that it has been previously satisfied or invalidated or can no longer be equitably applied, the Court may assume EPAC relies on Rule 60(b)(6), which addresses "any other reason that justifies relief" from judgment. Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) provides relief "only in exceptional and extraordinary circumstances," including "unusual and extreme situations where principles of equity mandate relief." *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001). Further, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Although courts may consider motions for prejudgment interest under Rule 60(b)(6), the circumstances in which they find awarding interest under Rule 60(b)(6) are also limited by these considerations. *See Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 138 (2d Cir. 2000) (holding

---

[2] Motions made under Rule 60(b)(1)–(3) must be brought within one year of judgment. Fed. R. Civ. P. 60(b)(1)–(3).

4

that, although motion for prejudgment interest was made under Rule 60(b)(6), it was properly considered under Rule 59(e)); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (holding that, although Rule 60(b)(6) was an available means of seeking prejudgment interest, court had erred in awarding it because the record did not support reopening the judgment in the interests of justice); *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 154–55 (1st Cir. 1980) (finding prejudgment interest "unavailable upon a belated motion under Rule 60(b)(6) except, perhaps, in extraordinary circumstances"); *Chicago & N.W. Ry. Co. v. Union Packing Co.*, 527 F.2d 592, 592 (8th Cir. 1976) (denying prejudgment interest under Rule 60(b)(6) where appellee failed to show an exceptional situation entitling it to relief). *But cf. Scotts Co. v. Cent. Garden & Pet. Co.*, 403 F.3d 781, 792 (6th Cir. 2005) (finding district court did not abuse its discretion in considering motion for prejudgment interest untimely under Rule 59(e) but timely under rule 60(b)(6)).

The cases EPAC relies on do not compel the Court to apply Rule 60(b)(6) here. In *Stafford v. First Tennessee National Bank*, the Sixth Circuit found that a motion for prejudgment interest that was "not an original request, but only brought the district court's attention to previously requested relief," was properly considered under Rule 60(b).[3] 2000 WL 1359631, *10 (6th Cir., Sept. 14, 2000). In so finding, the court relied on *Pogor v. Makita U.S.A., Inc.*, which found that a motion for prejudgment interest was properly considered as a motion to correct a clerical mistake in the original judgment under Rule 60(a) "where the language of the judgment awards interest as required by law but leaves the actual calculations for later." 135 F.3d 384, 388 (6th Cir. 1998). The court further concluded that, "[w]hen a district court's original judgment does not mention an

---

[3] The court did not specify which of Rule 60(b)'s subsections it applied in reaching this conclusion.

5

award of interest, then a later motion to fix interest would be governed by the rationale found in *Osterneck*, as the motion would amount to an original request for interest" and be properly considered under Rule 59(e). *Id. Pogor* thus does not support EPAC's assertion that, "where prejudgment interest was originally requested in the Complaint, application of Rule 60 is appropriate." (Doc. No. 1147, PageID# 23891.) Rather, *Pogor* "hold[s] that Rule 60(a) governs postjudgment motions for prejudgment interest when the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest, provided that the amount can be calculated later with relative certainty." *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1133 (9th Cir. 2004). That is not the circumstance here. The prejudgment interest EPAC requests is discretionary and has not been "explicitly allowed" or otherwise addressed by prior order. *Id.*

Extending *Pogor* and Rule 60(b) as EPAC asks the Court to do would undermine the goals of finality and avoidance of piecemeal appeals that the Supreme Court prized in finding motions for prejudgment interest best considered under Rule 59(e). So would allowing EPAC's motion long after this case has been considered and affirmed by the Court of Appeals. EPAC offers nothing to persuade the Court that Rule 60(b)(6) should apply to its prejudgment interest motion.

6

## III. Conclusion

For these reasons, the Court finds that EPAC's motion for prejudgment interest (Doc. No. 1142) is properly considered under Rule 59(e). Because EPAC filed the motion well beyond the twenty-eight-day period after judgment in which motions under Rule 59(e) are permitted, the motion is untimely. It is, therefore, DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge