UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EPAC TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:12-cv-00463 ) |
| HARPERCOLLINS CHRISTIAN PUBLISHING, INC., f/k/a THOMAS NELSON, INC., | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

Before the Court is EPAC Technologies, Inc.'s ("EPAC") Motion for Review of Order of Magistrate Judge as to Determination of Amount of Reasonable Attorneys' Fees and Costs (Doc. No. 1166). Thomas Nelson, Inc. ("Thomas Nelson") has filed a response opposing the motion, (Doc. No. 1169), to which EPAC has replied. (Doc. No. 1170). For the following reasons, EPAC's motion (Doc. No. 1166) will be granted, and the Magistrate Judge's Order (Doc. No. 1165) will be affirmed.

I. BACKGROUND[1]

On November 18, 2014, Magistrate Judge Bryant appointed a Special Master to advise the Court on Thomas Nelson's participation in discovery following accusations of spoliation. (Doc. No. 136). The Special Master entered a Report and Recommendation ("R&R") to impose discovery sanctions upon Thomas Nelson of "no more than a nominal award of attorney's fees" for EPAC (Doc. No. 226). Both parties objected to the Special Master's R&R, (Doc. Nos. 235

---

[1] The facts provided herein are limited to those relevant to the instant motion (Doc. No. 1166). A more detailed recitation of the facts in this case are provided within several of the Court's previous orders. (See, e.g., Doc. Nos. 379 and 345).

and 241), and Magistrate Judge Newbern adopted in part and rejected in part the Special Master's R&R. (Doc. No. 379). Regarding costs and attorneys' fees, she held Thomas Nelson responsible for "fifty percent of the reasonable costs and attorneys' fees incurred by EPAC during the Special Master proceedings." (Id. at 60).

Nonetheless, EPAC sought more and objected to the Magistrate Judge's Order (Doc. No. 379). Specifically, EPAC requested that the Court "modify the Order to require Thomas Nelson to pay all of EPAC's attorney's fees and . . . all expenses related to the special master proceedings . . . ." (Doc. No. 391 at 4). The Court affirmed the Magistrate Judge's ruling under the "clear error" standard. (Doc. No. 435 at 11).

On April 26, 2018, EPAC moved for a determination of its reasonable costs and attorneys' fees. (Doc No. 416). The Magistrate Judge initially terminated EPAC's motion without prejudice, ruling for "[c]onsideration of all fee and cost awards [to be] deferred until the conclusion of trial." (Doc. No. 962). After trial, appeals and renewed motions, (see Doc. Nos. 1053, 1061, 1095, 1128–29, 1136, 1139, 1141), the Court amended its referral to the Magistrate Judge of EPAC's renewed motion "for disposition under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72.01." (Doc. No. 1158). In consideration of the voluminous record, the Magistrate Judge terminated EPAC's then pending renewed motion (Doc. No. 1139) and ordered EPAC to file a comprehensive motion for reasonable costs and attorneys' fees related to the special master proceedings. (Doc. No. 1159). EPAC filed a comprehensive motion (Doc. No. 1161), which Thomas Nelson opposed, (Doc. No. 1162), and EPAC replied. (Doc. No. 1163).

On March 31, 2022, the Magistrate Judge granted in part and denied in part EPAC's comprehensive motion. (Doc. No. 1165). She reiterated the scope of the award was limited to "reasonable costs and attorney's fees . . . incurred . . . *during* the Special Master proceedings." (Id.

at 9) (emphasis added).  In doing so, she rejected "EPAC's expansive reading" of her order to include "attorneys' fees and costs involved *in connection with the Special Master proceedings*." (Id. at 8–10).  After detailing the indiscernible nature of EPAC's supportive documents, (id. at 10–11), the Magistrate Judge concluded that EPAC was entitled to only 20% of its requested attorneys' fees, (id. at 12–14), and reduced its requested recovery in costs.  (Id. at 14).  EPAC now seeks review of this order.  (Doc. No. 1166).

## II.    LEGAL STANDARD

The Court will reverse a non-dispositive ruling from the Magistrate Judge only if clearly erroneous, contrary to law, or in the interest of justice.  Fed. R. Civ. P. 72(a); M.D. Tenn. L.R. 72.02(b); see Automated Sols. Corp. v. Paragon Data Sys., Inc., 756 F.3d 504, 513 (6th Cir. 2014) (reviewing Magistrate Judge's decision on adverse inference jury instructions for clear error). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  Max Trucking, LLC v. Liberty Mut. Ins. Corp., 802 F.3d 793, 808 (6th Cir. 2015) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)); see Sawyer v. Whitely, 505 U.S. 333, 346 n.14 (1992) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  If the judge's "view of the evidence is 'plausible in light of the entire record, it must stand, even though the reviewing court, had it been the finder of fact, might have judged the same evidence differently.'"  Hamilton v. Carell, 243 F.3d 992, 997 (6th Cir. 2001) (quoting Glover v. Johnson, 199 F.3d 310, 312 (6th Cir.1999)).  "[U]nder the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  Doe v. Aramark Educ. Res., Inc., 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quotation marks omitted).

3

## III. ANALYSIS

EPAC's motion practice has been lengthy and monotonous in this case. They have asked this Court time and again to grant them additional costs and attorneys' fees. The instant motion repeats this formula, hoping the Court's response will change. It will not. This Court has found no clear error in the Magistrate Judge's Order (Doc. No. 1165). Accordingly, the order will be affirmed.

   a. Standard of Review

As a preliminary matter, EPAC argues that the Court should apply a *de novo* standard of review, even though both parties have previously asked this Court to apply a clearly erroneous standard when considering prior motions to review. (Compare Doc. No. 1167 at 7–8, and Doc. No. 1170 at 1–2 with Doc. No. 392 at 14-24). This assertion stems from two inapposite cases: Massey v. City of Ferndale, 7 F.3d 506 (6th Cir. 1993), and Diamond Consortium, Inc. v. Hammervold, 386 F. Supp. 3d 904 (M.D. Tenn. 2019).

In Massey, the Sixth Circuit remanded an award for non-discovery related sanctions, attorney fees, and costs pursuant to Rules 11 and 41 of the Federal Rules of Civil Procedure. 7 F.3d 506 at 508, 511. The fees at issue were the result of a previously dismissed case and were sought after "the district court issued an order granting [p]laintiffs' Motion for Voluntary Dismissal. . . .[And gave d]efendants until January 30, 1992, to file a motion for costs incurred." Id. at 507–08. Diamond Consortium, Inc. arose from a motion to quash filed in the Middle District of Tennessee by a third-party who sought relief from a deposition subpoena in an underlying Eastern District of Texas case. 386 F. Supp. 3d at 908–09. The third-party's failure to appear at the subpoenaed deposition constituted the entirety of the Middle District matter, id. at 909–10, and the fee award was based solely on his non-compliance with the subpoena. Id. at 913–18.

4

Accordingly, the magistrate judge entered a "report and recommendation", which required a *de novo* review pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(B) & (C). Id. at 910–11.

Neither case offers guidance here, where the award of attorney's fees and costs derive from pre-judgment discovery sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A). (Doc. No. 1165 at 7). The sole basis for EPAC's fee award and claims here is Thomas Nelson's discovery misconduct, (see Doc. No. 1165), a non-dispositive issue. Fed. R. Civ. P. 54(d)(2)(E); see, e.g., Second Ave Museum, LLC v. RDN Heritage, LLC, No. 3:20-CV-00067, 2022 WL 18639032, at *1 (M.D. Tenn. Mar. 3, 2022); Moore v. Weinstein Co., LLC, No. 3:09-CV-00166, 2012 WL 1657968, at *3 (M.D. Tenn. May 11, 2012). Therefore, the Court must review the Magistrate Judge's Order (Doc. No. 1165) for "clear error." Fed. R. Civ. P. 72(a).

      b. <u>The Magistrate Judge's Order was not Clearly Erroneous</u>

Our review of the Magistrate Judge's Order (Doc. No. 1165) "is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law." Newsome v. Lee, No. 3:21-CV-00041, 2022 WL 566170, at *2 (M.D. Tenn. Feb. 24, 2022). EPAC spills the most ink by trying to justify and bolster the evidence it provided in support of its requested fee award. (See Doc. No. 1165 at 8–23; Doc. No. 1170 at 2–4). However, such arguments are immaterial to the Court's review, tasked with determining whether the Magistrate Judge's rulings were "clearly erroneous." See United States v. Webster, 914 F.2d 259 (6th Cir. 1990) ("To the extent defendant's rendition of the facts differ[] from that of both the magistrate and the district court, we reject her claims. Findings of fact are subject to a clearly erroneous standard of review. We can find no justification in the record for disturbing those findings."); Peterson v. Burris, No.

14-CV-13000, 2016 WL 1458107, at *2 (E.D. Mich. Apr. 14, 2016) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)) ("[An o]bjection[] to a magistrate judge's non-dispositive order . . . . [T]hat does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection."). After reviewing the Magistrate Judge's Order (Doc. No. 1165), the Court finds no "clear error."

First, the Magistrate Judge correctly noted the scope of the award to EPAC: "[F]ifty percent of the reasonable fees and costs incurred by EPAC *during* the Special Master proceedings." (Doc. No. 1165 at 10) (emphasis added). EPAC does not explicitly allege "clear error" here, but instead argues that its award should include all costs and attorneys' fees "related to/incurred in connection with the Special Master proceedings."[2] EPAC has challenged the scope of their award many times before to no avail. (Compare Doc. No. 242 at 25 (seeking "full amount of fees and cost incurred by EPAC in pursuing discovery from Thomas Nelson"); and Doc. No. 391 (seeking "all of EPAC's attorney's fees and . . . all expenses related to the special master proceedings"); and Doc. No. 1161 at 16–18 (seeking fees beyond those incurred "during" the Special Master's proceedings), with Doc. No. 379 at 10; and Doc. No. 435 at 10–11; and Doc. No. 1165 at 8–10). These arguments remain unpersuasive. See Peterson, 2016 WL 1458107 at *2 ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). The scope articulated by the Magistrate Judge, in accordance with her own prior order, does not constitute clear error.

---

[2] EPAC argues that the scope of the award "ignores all the work that Thomas Nelson's actions created" and constitutes "a mere slap on the wrist". (Doc. No. 1167 at 19–20). However, the attorneys' fees and costs at issue were just one of the many remedies imposed against Thomas Nelson to cure its failure to preserve ESI. (See Doc. No. 379 at 2–3). EPAC's apparent ignorance of these remedies, whether real or feigned, is not well taken.

Second, the Magistrate Judge properly calculated the amount of reasonable attorneys' fees and costs. (Doc. No. 1165 at 10–14). Consistent with the scope of EPAC's award, the Magistrate Judge only considered fees and costs that "f[e]ll within the time period of the Special Master's appointment[,]" that were "directly related to the Special Master proceedings[,]" or were "directly related to EPAC's motion for the Special Master's appointment." (Id. at 12, 14). The Magistrate Judge determined that all the fees sought for Redgrave LLP fell outside of this scope. (Id. at 12–13). Regarding fees sought for Bradley Arant Boult Cummings LLP, the Magistrate Judge "*calculated the number of hours and accompanying fee attributable to those entries* and" found the total to account for "approximately 20% of EPAC's total requested fee award." (Id. at 12–13) (emphasis added). Costs were also excluded for work "outside the relevant timeframe", "not clearly related to the Special Master proceedings", or otherwise outside the scope of EPAC's award. (Id. at 14). These reductions were based on the Magistrate Judge's factual findings and were neither clearly erroneous nor contrary to the law. See Hudson v. Reno, 130 F.3d 1193, 1209 (6th Cir. 1997), abrogated on other grounds, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001); see also Bisig v. Time Warner Cable, Inc., 940 F.3d 205, 221 (6th Cir. 2019) (quotation marks omitted) ("The more fact-intensive the question, the more deferential the level of review.").

EPAC argues that this determination was conclusory and unclear, (Doc. No. 1167 at 23), but the Court's review proves otherwise. The Magistrate Judge reviewed numerous time entries within the overabundant record to calculate the award totals granted. (Doc. No. 1165 at 10–14). There is nothing clearly erroneous in that. EPAC takes issue with the Magistrate Judge's noted exemplar, (see Doc. No. 1165 at 11; Doc. No. 1167 at 17), but the entry-by-entry specificity EPAC appears to seek is unreasonable. Furthermore, at the heart of the Magistrate Judge's analysis was that the entries were vague, not that they were in a block billing format as EPAC suggests.

7

(Compare Doc. No. 1165 at 11–12, with Doc. No. 1167 at 16–17). To factor EPAC's inadequate proof into its fee award was neither clearly erroneous nor contrary to the law. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

It would be difficult to make the Magistrate Judge's determination any clearer. She defined the scope of the award provided, (Doc. No. 1165 at 8–10, 12), reviewed the record in consideration of this scope, (id. at 10–12), and found the vast majority of evidence submitted to fall outside of this scope. (Id. at 12–14). There is no issue with clarity, EPAC just does not like the result. Notwithstanding, the Court finds no clear error.

## IV. CONCLUSION

For these reasons, the Motion for Review of Order of Magistrate Judge as to Determination of Amount of Reasonable Attorneys' Fees and Costs (Doc. No. 1166) will be granted, and the Magistrate Judge's Order (Doc. No. 1165) will be affirmed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE